UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE $16,000,000 USD ASSET PROPERTY/PROCEEDS OF SALE/CARGO LOCATED AT 1325 BROADWAY AVE., OAKLAND, CA 94612 | Case No. 16-mc-80128-MEJ<br><br>**ORDER DENYING PETITIONS WITHOUT PREJUDICE**<br><br>Re: Dkt. Nos. 1-4 |

## INTRODUCTION

On June 20, 2016, Jeremy Lafitte—an alleged "Real Party In Interest/Lien Claimant"—filed ex parte the following documents: (1) "Notice and Petition of Enforcement of Maritime Lien, Adjudication and Declaration of Condenmend [sic] Captured Prize Property and Asset Forfeture [sic]" (Dkt. No. 1); (2) "Petition in the Nature of a Precipe to the Clerk for Instant Immidiate [sic] Judicial Review and Hearing Ex Parte" (Dkt. No. 2); (3) "Petition in the Nature of a Motion for Issuance of Order and Warrant for Arrest" (Dkt. No. 3); (4) "Petition in the Nature of a Motion for Issuance of a Prejudgment Interest Award" (Dkt. No. 4); and "Order for Issuance of Warrant for Arrest" (Dkt. No. 4-1) (collectively "Petitions"). On July 1, 2016, Mr. Lafitte consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). Dkt. No. 6. Therefore, the undersigned may exercise jurisdiction to conduct all proceedings in this matter, including the entry of judgment. Fed. R. Civ. P. 73. Having reviewed Mr. Lafitte's Petitions, the supporting documentation, and the relevant legal authority, the Court now **DENIES** his Petitions **WITH LEAVE TO AMEND**.

## BACKGROUND

The Court has carefully reviewed Mr. Lafitte's Petitions but finds them largely incomprehensible. From what the Court can tell, Mr. Lafitte alleges he was in a dispute with some

employees at a Citibank branch over his attempts to open an account without a social security number. Dkt. No. 1 at 2[1]. He alleges he "was a visitor at the time of injury 0n bored the vessel CITI BANK 1325 Broadway Oakland ca 94612[.]" *Id.* at 6 (errors in original). He now seeks to obtain and enforce a maritime lien against "the vessel CITI BANK as tortfeasor" and a "Warrant In Rem for the arrest of Prize Property $16M as cargo goods, asset property Located at 1325 Broadway Oakland California 94612[.]" *Id.* at 7 (errors in original). In doing so, he identifies himself as the Lien Claimant, stating the "Lien Debtors were in default, causing a total loss, under the Wrongful Death on High Seas Act, Lien Claimant died from the Default of Obligations by Lien Debtors[.]" *Id.* at 1, 6 (errors in original). Mr. Lafitte claims that as of August 27, 2014, he had a "Secured Interest / Absolute right given Operation of law by a tacit hypothecation" and is therefore entitled to prejudgment interest as well. Dkt. No. 4.

While Mr. Lafitte names three Citibank employees as alleged Lien Debtors, he does not explain why they owe any debt. Dkt. No. 1 at 2. Nor does he state how he is the Lien Claimant. Additionally, it is not clear whether he is in fact seeking a maritime lien against a vessel (or whether a vessel is even involved in this suit) or is instead filing a complaint; in what appears to be a proposed order, he requests "that the Clerk shall issue warrant for maritime arrest as prayed for in the Complaint and Affidavit[.]" Dkt. No. 4-1. Elsewhere he requests a "Warrant In Rem" and that "all persons claiming an interest may be cited to appear and answer the matter in the complaint." Dkt. No. 1 at 7.

**DISCUSSION**

As the Court finds these Petitions largely incomprehensible at this point, on that basis alone, the Court must deny them at this time as it cannot assess, among other things, whether (1) Mr. Lafitte has a basis for his purported maritime lien, or (2) the Court has subject-matter jurisdiction over his claims.

First, the basis for Mr. Lafitte's purported maritime lien is too unclear to support relief at this time. The only property mentioned in the Petitions is what he has titled, "the vessel CITI

---

[1] The original filings do not contain page numbers so the Court is references the ECF page numbers assigned to the documents.

BANK 1325 Broadway Oakland Ca 94612" (Dkt. No. 1 at 6), which is, by all accounts, a land-locked, Citibank branch building. *See Boyce Motor Lines v. United States*, 342 U.S. 337, 344 (1952) (taking judicial notice of geography); *United States v. Perea-Rey*, 680 F.3d 1179, 1182 n.1 (9th Cir. 2012) (taking judicial notice of a Google map and satellite image as a "source[] whose accuracy cannot reasonably be questioned" to determine the general location of a home). A maritime lien can only be placed upon vessels, and therefore cannot be placed on this property. *See Trans-Tec Asia v. M/V Harmony Container*, 518 F.3d 1120, 1128 (9th Cir. 2008) (defining a maritime lien as a claim upon maritime property, i.e, a vessel, for service done to it or injury caused by it); 46 U.S.C. § 31342(a) ("[A] person providing necessaries to a vessel on the order of the owner or a person authorized by the owner . . . has a maritime lien on the vessel" and "may bring a civil action in rem to enforce the lien."); *Black's Law Dictionary* (10th ed. 2014) (defining "vessel" as "[a] ship, brig, sloop, or other craft used—or capable of being used—to navigate on water."). Moreover, it is not clear how Mr. Lafitte or the alleged "Lien Debtors" did anything in relation to a vessel.

Second, Mr. Lafitte has failed to show this Court has subject-matter jurisdiction[2] over his claims. While federal district courts have original jurisdiction over "[a]ny civil case of admiralty or maritime jurisdiction[,]" 28 U.S.C. § 1333(1), without a vessel, Mr. Lafitte cannot seek relief from this Court based on admiralty or maritime jurisdiction. *See Ventura Packers, Inc. v. F/V Jeanine Kathleen*, 305 F.3d 913, 917 (9th Cir. 2002) ("[A]dmiralty naturally centers around [vessels]"); *Luna v. Star of India*, 356 F. Supp. 59, 63 (S.D. Cal. 1973) ("[A]dmiralty jurisdiction relates to things occurring on or to vessels . . . ."). Nor has he provided any other basis for subject-matter jurisdiction. Dkt. No. 1 at 1. While Mr. Lafitte cites some federal statutes—18 U.S.C. § 242 (deprivation of civil rights under color of law), 18 U.S.C. § 241 (conspiracy against

---

[2] Subject-matter jurisdiction is fundamental and cannot be waived. *Billingsley v. C.I.R.*, 868 F.2d 1081, 1085 (9th Cir. 1989). Federal courts can adjudicate only those cases which the Constitution and Congress authorize them to adjudicate—those involving diversity of citizenship or a federal question, or those to which the United States is a party. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *see also Chen-Cheng Wang ex rel. U.S. v. FMC Corp.*, 975 F.2d 1412, 1415 (9th Cir. 1992) ("Federal courts have no power to consider claims for which they lack subject-matter jurisdiction.").

civil rights), 42 U.S.C. § 408 (proposed legislation describing penalties for abusing social security benefits), and 42 U.S.C. § 1983 (civil action for deprivation of rights) (*see* Dkt. No. 1 at 5)—it is unclear how these laws apply.  Mr. Lafitte has not alleged facts demonstrating that he can prove the elements of claims based on these statutes.

Moreover, to the extent he meant his Petitions to be construed as a complaint, Rule 8 requires that pleadings contain "a short and plain statement" of the claim showing that the pleader is entitled to relief and the basis for the court's subject-matter jurisdiction.  Fed. R. Civ. P. 8(a); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (a complaint must provide a defendant with "fair notice" of the claims against it and the grounds for relief); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").  The Court may dismiss a complaint that does not abide by Rule 8 because defendants are deprived of notice of the claims against them and cannot adequately respond, and the Court is deprived of the necessary information to manage the litigation before it.  *See Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1059 (9th Cir. 2011) ("Rule 8(a) has been held to be violated by a pleading that was . . . highly repetitious, or confused, or consisted of incomprehensible rambling."); *Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981) (Rule 8(a) is violated when a complaint is excessively "verbose, confusing and almost entirely conclusory"); *Tomas v. Aegis Mortg. Co.*, 2011 WL 320901, at *3 (S.D. Cal. Jan. 28, 2011) (dismissing what the court construed as a complaint because the filing was "devoid of coherent factual allegations and cognizable legal theory").  Mr. Lafitte's Petitions, even broadly construed are unclear and the facts provided also do not appear to give rise to claims under the federal statutes cited in the Petitions, or otherwise provide the required information under Rule 8 of the Federal Rules of Civil Procedure.

While the Court must deny Mr. Lafitte's Petitions at this time, the Court does so with leave to amend.  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (the Ninth Circuit Court of Appeals has "repeatedly held that 'a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be

4

cured by the allegation of other facts.'" (quotation omitted)).

## CONCLUSION

In light of the foregoing analysis, the Court **DENIES** Mr. Lafitte's Petitions but does so **WITH LEAVE TO AMEND**. If Mr. Lafitte decides to file an amended petition (or file a complaint if he so intended), he must state the basis for his claims and facts supporting those claims. Mr. Lafitte shall file any amended petition or complaint **by August 16, 2016**. Failure to file an amended complaint or petition by this deadline shall result in the dismissal of this case.

In preparing the amended petition or complaint, Mr. Lafitte may wish to seek assistance from the Legal Help Center, a free service of the Volunteer Legal Services Program, by calling 415-782-8982, or by signing up for an appointment on the 15th Floor of the Federal Courthouse in San Francisco, 450 Golden Gate Avenue, San Francisco, California. More information is available at http://cand.uscourts.gov/helpcentersf. The Court also recommends that Mr. Lafitte obtain a copy of the Court's *Handbook for Litigants Without a Lawyer*, which is available free of charge in the Clerk's Office, or online at http://cand.uscourts.gov/prosehandbk. This handbook provides an explanation of the required components of a complaint.

**IT IS SO ORDERED.**

Dated: July 15, 2016

_____
MARIA-ELENA JAMES
United States Magistrate Judge