UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE $16,000,000 USD ASSET PROPERTY/PROCEEDS OF SALE/CARGO LOCATED AT 1325 BROADWAY AVE., OAKLAND, CA 94612 | Case No. 16-mc-80128-MEJ<br><br>**ORDER DENYING APPLICATION FOR CERTIFICATION FOR INTERLOCUTORY APPEAL**<br><br>Re: Dkt. No. 9 |

On June 20, 2016, Jeremy Lafitte—an alleged "Real Party In Interest/Lien Claimant"—filed the following documents: (1) "Notice and Petition of Enforcement of Maritime Lien, Adjudication and Declaration of Condenmend [sic] Captured Prize Property and Asset Forfeture [sic]" (Dkt. No. 1); (2) "Petition in the Nature of a Precipe to the Clerk for Instant Immidiate [sic] Judicial Review and Hearing Ex Parte" (Dkt. No. 2); (3) "Petition in the Nature of a Motion for Issuance of Order and Warrant for Arrest" (Dkt. No. 3); (4) "Petition in the Nature of a Motion for Issuance of a Prejudgment Interest Award" (Dkt. No. 4); and "Order for Issuance of Warrant for Arrest" (Dkt. No. 4-1) (collectively "Petitions").[1] Through these Petitions, it appears Mr. Lafitte alleges, among other things, that he was in a dispute with employees at a Citibank branch over his attempts to open an account without a social security number and that while he "was a visitor . . . 0n bored the vessel CITI BANK 1325 Broadway Oakland ca 94612 . . . . Lien Claimant died from the Default of Obligations by Lien Debtors[.]" Dkt. No. 1 at 2, 6.[2]

On July 15, 2016, the Court denied Mr. Lafitte's Petitions with leave to amend. July 15 Order, Dkt. No. 8. The Court found the Petitions largely incomprehensible and as such, could not determine whether (1) Mr. Lafitte has a basis for his purported maritime lien or (2) the Court has subject-matter jurisdiction over his claims. *Id.* Nonetheless, the Court granted Mr. Lafitte until

---

[1] On July 1, 2016, Mr. Lafitte consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). Dkt. No. 6.
[2] The original filings do not contain page numbers so the Court references the ECF page numbers assigned to the documents.

August 16, 2016 to file an amended petition or complaint and encouraged him to seek assistance from the Court Legal Help Center.  *Id.*

Since then, Mr. Lafitte filed a Notice of Emergency Interlocutory Appeal from the July 15 Order.  Notice, Dkt. No. 9.  He has also filed an Application with this Court seemingly seeking its certification of an Interlocutory Appeal pursuant to 28 U.S.C. § 1292(a)(3).  *See* Dkt. No. 9.

Mr. Lafitte's Application is improper in a variety of respects.  First, his Notice of Emergency Interlocutory Appeal should moot any request to this Court to certify his interlocutory appeal.  Second, under 28 U.S.C. § 1292(a)(3), there is no need for the district court to certify an appeal; district courts certify appeals from interlocutory orders under 28 U.S.C. § 1292(b).[3]  Third, 28 U.S.C. § 1292(a)(3) only applies to interlocutory orders that "determin[e] the rights and liabilities of the parties" in "admiralty cases"; however, Mr. Lafitte has not established this is properly an admiralty case, as the Court found in the July 15 Order.

Consequently, the Court **DENIES** Mr. Lafitte's Application as the Court has no grounds to certify an appeal.  Additionally, in light of the Notice of Emergency Interlocutory Appeal, the Court **STAYS** all proceedings and deadlines in this case pending the Ninth Circuit's resolution of the Appeal.  The Clerk of Court is directed not to accept further filings by Mr. Lafitte in this matter unless those filings are ordered by the Court.

**IT IS SO ORDERED.**

Dated: August 3, 2016

_____
MARIA-ELENA JAMES
United States Magistrate Judge

---

[3] Section 1292(b) is "to be used only in exceptional situations[.]"  *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1982).  "It was not intended merely to provide review of difficult rulings in hard cases."  *U.S. Rubber Co. v. Wright*, 359 F.2d 784, 785 (9th Cir. 1966).  To certify a case for appeal under § 1292(b), a court must find: "(1) that there [is] a controlling question of law, (2) that there [are] substantial grounds for a difference of opinion, and (3) that an immediate appeal may materially advance the ultimate termination of the litigation."  *In re Cement*, 673 F.2d at 1026.  "A party's strong disagreement with the Court's ruling is not sufficient for there to be a 'substantial ground for difference'; the proponent of an appeal must make some greater showing."  *Kowalski v. Anova Food, LLC*, 958 F. Supp. 2d 1147, 1154 (D. Haw. 2013).  Mr. Lafitte has identified no grounds under which the Court can certify his appeal under § 1292(b).